Hat, Judge,
delivered the opinion of the court:
This is a suit brought bjr the Pacific Mail Steamship Company against the United States to recover moneys alleged to be due it by reason of the action of the United States Shipping Board during the war with Germany. The defendant has demurred to the petition.
The petition alleges four several causes of action.
The first cause of action alleged is that the United States in making settlement with the plaintiff only paid to it the sum of $4,293,534.43 of net earnings when there should have been paid to it the additional sum of $2,658,793.17. In support of this claim the plaintiff alleges that the United States Shipping Board had given preferences and advantages to other owners over the terms by which the said board sought to requisition plaintiff’s ship, and that the plaintiff after learning of this action of the board promptly made demand on said board for repayment to it of the entire net earnings of its vessels. This demand was refused by the board.
*248 It appears from the allegations of the petition that the ships of the plaintiff were requisitioned, by virtue of the provisions of the act of June 15, 1917, 40 Stat. 182, and that the Shipping Board by virtue of an Executive order of the President based upon said act requisitioned the ships of the plaintiff and all other American passenger steamers of not less than 2,500 tons gross register. This requisition order was dated October 12, 1917. Compensation to- owners of ships was fixed by the board and the plaintiff entered into a contract whereby it agreed to the compensation fixed by said board. The plaintiff admits that it received and accepted the compensation fixed by the board for the period the ships of the plaintiff were under requisition. A settlement was had in 1919 between the parties, the amount agreed upon was received and accepted by the plaintiff without protest. At the time the contract was entered into the plaintiff made no protest as to the compensation fixed and reserved no rights, but on the contrary signed the contract which contained the following provision:
“ In consideration of the compensation provided and the other obligations assumed by the United States hereunder, the owner accepts this requisition charter in full satisfaction of any and all claims he has or may have against the United States arising out of the requisition, and accepts the compensation herein provided for as the just compensation required by law.”
It is not suggested in the petition that the requisition charters were executed under compulsion or duress. But the plaintiff alleges that the board gave preferences and advantages to other owners in the settlement of claims against the board which the plaintiff did not receive, and that, therefore, it has a cause of action against the United States which it is entitled to- set up now, although four years have passed since it made its settlement with the board. We do not think that this contention is tenable.
The second cause of action alleged is that the revision of rates was not made as provided for in the contract. We do not think that the contract can be given the construction contended for by the plaintiff. The rates fixed by the board *249 were to control unless reduced in amount. They were not reduced, and the plaintiff haying agreed to them can not complain because no change in them was made, the contract allowing the board full discretion as to revision of rates the provision being that, “ Revisions will be made if reasons therefor are found to exist, at intervals of not more than ninety days.” Moreover when the plaintiff made its settlement with the board it accepted the rates originally fixed by the board, and made no complaint or protest, the plaintiff well knowing what they were, both when it signed the contract and when it accepted the money under the settlement with the board.
The third cause of action alleged is that the plaintiff is entitled to the earnings of its ships from October 13, 1917, to January 7, 1918, upon the theory that the requisition charter did not become effective until it Avas signed by the board on January 7, 1918. The charter signed by the plaintiff contained the following: “Date on which Aressel entered into pay, October 13, 1917, 7 a. m.” This is not a memorandum, but is a part of the requisition charter, and is conclusive of this matter. But if it was not, the plaintiff by its settlement is precluded from setting up such a claim.
The fourth cause of action alleged is that the plaintiff is entitled to receive more money than it did receive for acting as agent of the Government in operating its vessels. The compensation for this >vas fixed and agreed upon in the settlement made betAveen the parties. No objection Avas then made to it. No facts are stated in the petition Avhich would justify the court in setting aside the agreement of the parties.
We are of opinion that the demurrer of the defendant must be sustained, and the petition of the plaintiff dismissed. It is so ordered.[1]
Geaham. Judge; DoayNey, Judge; Booti-i, Judge; and Campbell, Chief Justice, concur.

 0» April 7, 1924, the court filed an order allowing amended petition to be filed.